## UNITED STATES DISTRICT COURT
## SOUTHERN OF TEXAS
## HOUSTON  DIVISION

| | |
|---|---|
| **In re: ALLAN HAYE**<br>**Debtor** | **Chapter 7**<br>**Case No.  24-**<br>**Out of District Bankruptcy Case** |
| JAMES  ALLAN ALLAN A. HAYE ROBERT L. THOMAS  *Plaintiffs/Counter-Defendants*<br><br>*vs*<br> PCF INVESTMENTS INC,  ITS SUBISDARY PCF    PROPERTIES IN TX. LLC<br>*Defendants/Third-Party Plaintiff*<br>vs**.**<br>ELIZABETH THOMAS, JAMES M. ANDERSEN<br>*Third-Party Defendants* | **CAUSE  NO. 2020-35780**<br><br><br><br><br>. |
| In re. P.C.F.  Properties in TX, LLC<br>*Plaintiff*<br><br>*vs*<br><br><br>James M.  Andersen, Elizabeth Thomas Jasmine B .Jarbis, Jireh Pitts, and Monique Moore et al.<br>*Defendants* | **OR**<br><br>**MISC. DOCKET NO. 2020-35780**<br><br><br><br><br>Removed from: 80th District Court<br> Harris County, Texas |

## NOTICE OF REMOVAL
## TRANSFER TO U.S. SOUTHERN DISTRICT OF NEW YORK
## MOTION FOR CONTEMPT OF COURT

**TO: Clerk of the U.S. District Court for the Southern  District of Texas: Houston**

PLEASE TAKE NOTICE THAT, James M. Andersen (the "Defendant")  after considerable communications with Marilyn Burgess the Harris County District Clerk Administrative Office, and the Harris County Attorney Office hereby removes to this Court the state court action described herein, pursuant Federal Rule of Bankruptcy Procedure 9027 copies are being served on all parties at the addresses listed in Plaintiffs' that have been served with the court complaint

and are being filed in the 80th District Court and The Texas Supreme Court.

## INTRODUCTION

On August 12, 2024, James M. Andersen filed a "Notice of Removal" Federal Rule of Bankruptcy Procedure Rule 9027(a)(1) removing parties and the entire case under cause No. 2020-35780, styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* from the 80th District Court, Harris, County Texas to the U.S. District Court for the Southern District of Texas: Houston Division under case No. 24-cv-02999.

On August 12, 2024, James M .Andersen filed to effectuate the removal from state court by filing with the 80th District Clerk of Court in cause No. 2020-35780, case styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen,* a stamped copy of the Notice of Removal pursuant to F.R.B.P. Rule 9027(c) giving notice that the case No. 2020-35780 had been removed to federal Court a copy was also served on the First Court of Appeals

On August 14, 2024, Mr. Andersen filed a Amended Notice of Removal in the U.S. District Court Southern District Texas, in the case styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* case No. 24-cv-02999, to clarify that P.C.F. Properties in TX LLC., is not named as a party to the 80th District Court case removed.

On or about August 15, 2024, the U.S. District Court Southern District Texascase No. 24-cv-02999, in the case styled as *James Allen, Allan Haye, Robert L. Thomas vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* assigned the case to the U.S. Bankruptcy Cour for the Southern District of Galveston as a

Adversary Proceeding under case No. 24-08005.

On August 16, 2024, John V.Burger of Barry & Sewart PLLC., filed a "Motion to Remand" on behalf of  P.C.F. Properties in TX, LLC.

 Prior to Mr. Andersen filing of its August 12, 2024, Notice of Removal on July 11, 2024, John V. Burger and Barry & Sewart PLLC., had initiated a "new cause of action" in the 80th District court by filing a "Motion for Judicial Review of Documentation or Instruments Purporting to Create Liens or Claims" with new parties and assigned it to the Misc. Docket No. 2020-35780 and then assigned Misc Docket to the 80th District Court, Harris County, Texas.

On July 11, 2024, Mr. Burger removed the parties: James Allen, Allan Haye, Robert  L. Thomas (the Plaintiffs) PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., as (the "Defendants"), Elizabeth Thomas and James M. Andersen as  (the "Third Party Defendants"):  and converted the 80th District Court case from Cause No. 2020-35780,   to a Misc. Docket No.  2020-35780 and renamed the parties as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") and James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants").*

On August 22, 2024, Mr. Andersen filed in the U.S. Bankruptcy Court a "Second Amended Notice of Removal" ( the Adversary Complaint") and renamed the parties in the case as *In re P.C.F. Properties in TX, LLC., (the "Plaintiff") vs. James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants").*

On August 23, 2024, the U.S. Bankruptcy Court terminated and removed PCF Investments Inc., *its Subsidary PCF Properties in Texas LLC,  Allan A Haye, Robert L Thomas* and James Allen as parties from the case.

None of the above named Defendants *James M. Andersen, Elizabeth Thomas, Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires*, filed an answer or objection to the Plaintiff  In re P.C.F. Properties in TX, LLC, Motion to Remand its case to the 80th District Court.

On September 10, 2024, the Honorable Judge Alfredo R. Perez U.S.B.J., granted the remand Motion and remanded the case styled as *Plaintiff P.C.F. Properties in TX, LLC vs. James M. Andersen et, al., Defendants*, to the 80th Judicial District Court docket No. 2020-35780.

The Petitioner Robert L. Thomas is not named as a party to the case styled as *Plaintiff P.C.F. Properties in TX, LLC vs. James M. Andersen et, al., Defendants*, remanded to the 80th Judicial District Court docket No. 2020-35780.

### BASIS FOR REMOVAL

On August 8,  2024, the Debtor Allan Haye  filed a Chapter 7 Petition (the "Petition Date"), for relief under Title  11 of the  United  States Code,   11   U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), which includes the bankruptcy automatic stay.

The commencement of a case under Title 11 creates an estate. 11 U.S.C. §541(a). Such estate is comprised of all property, wherever located and by whomever held, including all legal or equitable interests of the *debtor* in property as of the commencement of the case. See, 11 U.S.C. § 541(a)(1). Property of the estate includes all legal or equitable interests of the debtor in property, including "***causes of actions***". 11 U.S.C. § 541.

### MOTION FOR CONTEMPT

According to the Honorable Judge Jeffrey P. Norman U.S.B.J., misrepresentation by anyone, of a bankruptcy order the court retains  authority to enforce that order and to basically penalize anyone for  the misrepresentation, On March 14, 2024,  Judge Norman, held a hearing

on P.C.F. Properties in Texas LLC,  Motion to Vacate a order lifting the stay in a appeal pending

in another stated  in the case  stayed In Re Elizabeth Thomas Case No. 23-34971.  Attorney John

V. Burger was in attendance at the hearing.

This case is of significance because at the hearing Mr. Burger argued at length throughout

the whole hearing how Ms. Thomas and those associated with her will misuse and misrepresent

the courts order lifting the stay if the order is not vacated. See Exhibit 1 for extensive arguments

of Mr. Burger regarding the misuse and misrepresentation of bankruptcy orders.

Here Mr. Burger is attempting to misuse and misrepresent the Honorable Judge Alfredo R.

Perez U.S.B.J., September 10, 2024, remand order which remanded the case styled as as *In re*

*P.C.F. Properties in TX, LLC., (the "Plaintiff") vs. James M. Andersen, Elizabeth Thomas,*

*Jasmine B .Jarbis, Jireh Pitts, Monique Moore and Shelvy Spires (the "Defendants")* to the 80th

District Court under MISC Docket No, 2020-35780, . by attempting tot use it as a global or

universal remand order to reinstate and remand other cases and parties that were never before the

court as Judge Norman ruled bankruptcy courts have authority to enforce their  orders and to

basically penalize anyone for  the misrepresentation

All courts  retain  jurisdiction  to  interpret  and  enforce  their  own  orders*." In re Charter*

*Commc'ns,* No. 09–11435, 2010 WL 502764, at *4 (Bankr.S.D.N.Y. Feb. 8, 2010); see also

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009). This

is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) the action outline in this adversary

proceeding seeking "the enforcement or construction of a bankruptcy court orders" arises in the

Chapter7 proceeding, because it raises a dispute created by the fact of the bankruptcy court. *In re*

*Sterling Optical Corp.* , 302 B.R. 792, 801 (Bankr. S.D.N.Y. 2003). See *Mountain Am. Credit*

*Union v. Skinner (In re Skinner)*, 917 F.2d 444, 448 (10th Cir. 1990) (enforcement of order from

core proceeding is itself a core proceeding)

## MOTION TO TRANSFER

.Defendant intends to file a separate motion pursuant to Subsection (1) of section 1443 any of the following civil actions or criminal prosecutions, commenced in a <u>State court</u> may be removed by the defendant to the district court of the United <u>States</u> for the district

**(1)**   Against any person who is denied or cannot enforce in the courts of such <u>State</u> a right under any law providing for the equal civil rights of citizens of the United <u>States</u>, or of all persons within the jurisdiction thereof;

**(2)**   For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such la.

Dated: October 10, 2024,

Respectfully submitted,

By:/s/*James M. Andersen*
James M. Andersen Pro, Se
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 10,  22, 2024  a copy of the foregoing Notice of Removal  was served EFC- Service System or E-mail and U. S. Mail, postage prepaid, to:

John V. Burger
Barry & Sewart PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
evictions@barryandsewart.com

The 80th District Clerk of Court and
Marilyn Burgess
Harris County District Clerk
201 Caroline, Suite 420
Houston, TX 77002
m.burgess@hcdistrictclerk.com

Eleventh Administrative Judicial Region of Texas
Honorable Susan Brown, Presiding
301 Fannin St
Houston, TX 77002
 Rebecca Brite,Executive Assistant
**via Email:**  Rebecca_Brite@justex.net


Kristen Golby Deputy Clerk
Supreme Court of Texas
201 West 14th Street Rm. 104
Austin, TX 78701
Kristen.Golby@txcourts.gov

Harris County District Attorney Office
Public Corruption Department
1201 Franklin St
Houston, TX 77002

New York Attorney General Office
Civil Rights/Criminal Division
28 Liberty St.
New York, NY 10005

U.S. Attorney Office
For the Southern District of New York
Criminal Division
26 Federal Plaza, 37th Floor
New York, NY 10278

By:/s/James M. Andersen

4.

EXHIBIT-1- MOTION TO VACATE
HEARING TRANSCRIPT

1

1       IN THE UNITED STATES BANKRUPTCY COURT

2        FOR THE SOUTHERN DISTRICT OF TEXAS

3                HOUSTON DIVISION

4   IN RE:                    §    CASE NO. 23-34971-13
                              §    HOUSTON, TEXAS
5   ELIZABETH THOMAS,         §    THURSDAY,
            DEBTOR.           §    MARCH 14, 2024
6                             §    1:32 P.M. TO 2:00 P.M.

7
             __MOTION TO VACATE (VIA ZOOM)__

8
       BEFORE THE HONORABLE JEFFREY P. NORMAN
9           UNITED STATES BANKRUPTCY JUDGE

10

11

12      APPEARANCES:                SEE NEXT PAGE

13      ELECTRONIC RECORDING OFFICER: AARON JACKSON

14      COURTROOM DEPUTY:           TRACEY CONRAD

15

16

17

18

19

20           TRANSCRIPTION SERVICE BY:

21        JUDICIAL TRANSCRIBERS OF TEXAS, LLC
               935 Eldridge Road, #144
22             Sugar Land, TX  77478
                   281-277-5325
23            www.judicialtranscribers.com

24
      Proceedings recorded by electronic sound recording;
25        transcript produced by transcription service.

2

1                          **APPEARANCES**:

2


3    FOR PCF PROPERTIES IN TX, LLC:      ATTORNEY AT LAW
                                          John V. Burger, Esq.
4                                         4151 Southwest Freeway
                                          Suite 680
5                                         Houston, TX 77027
                                          713-960-9696
6


7    FOR THE CHAPTER 13 TRUSTEE:         Christina Rodriguez, Esq.

8


9    ALSO APPEARING:                     ELIZABETH THOMAS,
                                          Pro Se
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          **HOUSTON, TEXAS; THURSDAY, MARCH 14, 2024; 1:32 P.M.**

2               THE COURT:  The next case is the Thomas case,

3    23-34971.

4               MR. BURGER:  Good afternoon, Your Honor.

5               John Burger on behalf of the Movant and Creditor

6    P.C.F. Properties in TX, LLC, and Tony Halaris (phonetic) is

7    on line.  He's the corporate representative.

8               THE COURT:  Thank you, Mr. Burger.

9               MS. RODRIGUEZ:  Good afternoon, Your Honor.

10               Christina Rodriguez appearing behalf of the

11    Chapter 13 Trustee.

12               THE COURT:   Thank you, Ms. Rodriguez.

13               Anyone else appearing in this matter?

14          MS. THOMAS:  Elizabeth Thomas, I'm the Debtor and

15    the Appellate.

16               THE COURT:  Ms. Thomas, I need you to appear by

17    video.

18               Are you able to connect by video?

19               MS. THOMAS:  Oh, I didn't -- I read your

20    procedure and it said for me to appear by -- no, not at this

21    moment, Your Honor, I don't have access to appear by video.

22    I apologize.

23               THE COURT:  If you're going to appear in front of

24    me, Ms. Thomas, you have to appear by video.

25               Let me do this.  Let me recall the case.  I've

1  got two matters who should take just a few seconds to take

2  care of, and then I'll come back to you, all right?

3           So, I'll recall the Thomas case.  Ms. Thomas, if

4  you, during the pendency, can arrange to connect by video,

5  it would be in your best interest, all right?

6           MS. THOMAS:  Okay.

7      (Recess taken from 1:34 p.m. to 1:40 p.m.)

8           THE COURT:  Let me return to the Thomas case,

9  which is 23-34971.  Ms. Thomas is on the line now.  I see

10 her.  Mr. Burger is here.  I see him.

11          All right.  Mr. Burger, I'm going to let you

12 argue your motion.  I think I have an understanding of

13 what's going on, and I just want to make sure that I

14 understand this.  Let me just do this real quick.  There is

15 various PCF Properties in Texas, LLC.  That's your client,

16 correct?

17          MR. BURGER:  No, P.C.F. Properties in TX, LLC is

18 my client.

19          THE COURT:  Okay, and I'm sorry.  I didn't write

20 that correctly.  P.C.F. Properties in TX, LLC is your

21 client?

22          MR. BURGER:  That's correct, Your Honor.

23          THE COURT:  And there also is a PCF Properties

24 in Texas, LLC, very similar name, but not related to your

25 client.

1           Is that correct?

2           MR. BURGER:  That is correct.

3           THE COURT:  Okay, is there any connection between

4   those two companies at all other than their names are eerily

5   similar?

6           MR. BURGER:  No, Your Honor.  See, what happened

7   was it was by way of background --

8           THE COURT:  Okay, bear with me.  Let me ask my

9   questions first.

10          MR. BURGER:  Okay, okay.

11          THE COURT:  I lifted the stay in this litigation.

12  Is your client P.C.F. Properties in TX, LLC part of that

13  litigation?

14          MR. BURGER:  Let me answer that two ways.  There

15  is State Court litigation relating to property located at

16  8202 Terre Valley Lane in Tomball, Texas.  My client

17  purchased that property at a nonjudicial foreclosure sale in

18  March of 2020.

19          In June of 2020, James Allen and Robert Thomas

20  filed a suit to quiet title.  They named my client

21  incorrectly in the initial filings.  My client appeared and

22  litigated the District Court in that case.  It's 2020-65753,

23  I believe, issued a judgment in April of this year, of last

24  year quieting title to the property in my client's name.

25          Prior to the entry of the summary judgment in my

1    client's name in April of last year, Elizabeth Thomas, James

2    Anderson, who is an attorney, James Alan, Alan Hay, and

3    Robert Thomas filed an involuntary bankruptcy case in

4    Delaware and named as the Debtor, P.C.F. Investments, Inc.,

5    dba P.C.F. Properties in TX, LLC and tried to tied that

6    State Court litigation up in the involuntary bankruptcy.

7            The problem is the Debtor that they try to put

8    into bankruptcy was formed in Delaware in 1987, but

9    forfeited its corporate charter in 1993.

10           THE COURT:  Okay.  So, you haven't answered my

11   question though.  You've gone around the horn.

12           So, there's litigation 23-CV-00147 pending in the

13   US Federal District Court of Delaware, correct?

14           MR. BURGER:  Yeah, and that's where I was going

15   with the involuntary --

16           THE COURT:  So, bear with me one second.  Is that

17   an adversary procedure or is that a District Court action?

18           MR. BRUGER:  That is an appeal of Judge Horan's

19   orders in the involuntary denying motions to reinstate and

20   remand a case.  No, no, no.

21           THE COURT:  So, it's an appeal of an adversary,

22   correct?  Is that what you're telling me?

23           MR. BURGER:  No, it's a -- no, it's an appeal of

24   the judge's orders denying matters in the involuntary case.

25   There was no adversary case filed.  When Elizabeth Thomas

1  and the other petitioning creditors --

2          THE COURT:  Again, you want to give me more

3  details than I want to know.  So, bear with me for one

4  second.

5          So, that's an appeal of the Bankruptcy Court

6  decision?

7          MR. BURGER:  Yes, and what they're doing in the

8  Delaware --

9          THE COURT:  Mr. Burger, hold on.  Okay?

10          MR. BURGER:  Okay.

11          THE COURT:  Answer my questions and then shut up,

12  okay?  All right?

13          So, it's an appeal of a Bankruptcy Court

14  decision, okay?  Is your client involved in that appeal at

15  all, a named party appearing in that appeal?

16          MR. BURGER:  We have made an appearance in that

17  matter on behalf of the Texas Corporation.

18          THE COURT:  Okay.

19          MR. BURGER:  And the reason for that is --

20          THE COURT:  Again, you want to give me more

21  information than I want, and I asked you just to answer my

22  question.  I'll give you every opportunity to argue it --

23          MR. BURGER:  Okay.

24          THE COURT:  -- in just a second, okay?

25          So, James Anderson is a lawyer who represents

1   apparently the other PCF Investment, the other similarly

2   named corporation; is that correct?

3            MR. BURGER:  No, I believe the person who

4   represents the similarly named company is somebody by the

5   name of Azalea Spiders (phonetic).

6            THE COURT:  Okay, and that's the woman who

7   basically signed without prejudice and without recourse.

8            Okay, all right.

9            MR. BURGER:  Yeah, yeah.

10           THE COURT:  All right.  So --

11           MS. THOMAS:  Can I say something?

12           THE COURT:  Ms. Thomas, you get to speak in just

13  a few minutes. but not until then.

14           MS. THOMAS:  Okay.

15           THE COURT:  Okay.  So, it says James --

16           MS. THOMAS:  Yes, Your Honor.

17           THE COURT:  -- M. Anderson is the Movant,

18  Elizabeth Thomas is the Debtor, Co-Debtors are James Allen,

19  Allen Hay, and Robert L. Thomas, and Judgment Creditor, PCF

20  Properties in TX, LLC, all right?  You've made an appearance

21  in that.

22           You're not a named party, correct?

23           MR. BURGER:  That's correct.

24           THE COURT:  All right.  So, tell me why I should

25  vacate my order lifting the stay.

1    MR. BURGER:  Because, Your Honor, the motion that

2  was originally filed, there was an agreed motion lifting the

3  stay.  I filed an objection to it because the language that

4  they wanted to submit to the Court says that there is a

5  settlement agreement that affects the Terre Valley property

6  and my client's interest in that property.

7    THE COURT:  Okay, but I'm looking at the order,

8  and all my order says is, "Accordingly, it is ordered that

9  the motion is granted leave from the automatic stay to

10  pursue the US Federal District Court of Delaware remedies."

11  That's all my order provides for.

12    MR. BURGER:  That's what the order provides, but

13  if the Court looks at what they filed, it says that there's

14  a global --

15    THE COURT:  I don't care what they filed.  I only

16  care what I signed.  What they filed has no legal effect

17  whatsoever.

18    MR. BURGER:  But what happens is Ms. Thomas and

19  her people take your orders and other Court's orders, and

20  they misrepresent the effects of those orders to other

21  Courts, and it costs my client in excess of $100,000 trying

22  to get this thing straightened out.

23    THE COURT:  Okay.  So, let's answer this question

24  then.  Assuming that this order is misrepresented to anyone,

25  don't I have an authority to enforce that order and to

1   basically penalize anyone for doing that?

2          MR. BURGER:  Yeah, I think the Court should

3   penalize them for misleading the Court about what the status

4   of the underlying litigation is.  They are going to take

5   your Court's order.  They're going to put it in front of the

6   Delaware Court.  The Delaware Court has already reinstated

7   the bankruptcy appeal and set a certain briefing deadline.

8          THE COURT:  Okay.  So, let's assume that I vacate

9   the order.  What then happens?  What do you want me to do?

10          MR. BURGER:  I don't want an order from your

11   Court being used as a subterfuge to affect the title that my

12   client has in the Terre Valley property.  If the Court looks

13   at whatever the settlement agreement that they filed or

14   they've entered into, it says that their vacating --

15          THE COURT:  Mr. Burger, I couldn't care less

16   about any sort of settlement agreement.  I haven't approved

17   the settlement agreement.  I don't -- I mean, all I did was

18   lift the stay.  That's all I did.  That's all the order

19   provides for.

20          MR. BURGER:  Right.  Yeah, but that motion says

21   that the stay needed to be lifted to effectuate a settlement

22   agreement, and that settlement agreement vacates my client's

23   judgment in April of 2023, it vacates the orders out of the

24   Delaware Bankruptcy Court, it vacates orders holding

25   Ms. Thomas and the other people liable for numerous motions

1    to recuse the State Court Judge, to vacate a vexatious

2    litigant order that was entered in November sanctioning her

3    and James Thomas in the amount of $50,000 for the actions

4    that they had undertaken.  It's not simply lifting the

5    automatic stay, Your Honor.

6                 Ms. Thomas has a history --

7                 THE COURT:  Mr. Burger, I'm showing you the

8    order.  Here's the order right there, okay?  You can look at

9    it.

10                MR. BURGER:  And I --

11                THE COURT:  All right, and the last paragraph,

12   "Accordingly, it is ordered the motion is granted leave from

13   the automatic stay to pursue US Federal District Court of

14   Delaware remedies."  That's the only thing it says.  It

15   lifts the stay.  It doesn't do anything more.  I can clarify

16   it and say it doesn't do anything other than lift the stay,

17   but if I don't lift the stay, what do I then do?

18                MR. BURGER:  Well, first, I think the Court -- if

19   Ms. Thomas and her parties have entered into a settlement

20   agreement as part of their motion, I think they need to

21   express what those terms are to your Court, because your

22   Court is the one that has jurisdiction over whatever claims

23   and whatever matters she's trying to settle, and she didn't

24   do it.  She didn't file any of the settlement agreements

25   with your Court.

1           THE COURT:  But again, Mr. Burger, I haven't

2    approved any sort of settlement agreement.  I'm assuming

3    someone's going to have to do that.  Could be me or someone

4    else, but as a practical matter, all I did was lift the

5    stay.  That's all I did.

6           I can clarify that.  I haven't proved anything.

7    I haven't taken any action on anything else.  All I've done

8    is lift the stay.

9           I mean, if you want me to do something else other

10   -- I mean, I'm just trying to figure out where we go.  If I

11   don't lift the stay, if I vacate the order, what am I then

12   going to do?

13       (Phone loudly ringing in background.)

14           THE COURT:  Whoever that is, just turn them off.

15           Okay, what's the practical ramification?

16           MR. BURGER:  Well, the --

17           THE COURT:  You've got litigation going on in

18   Delaware, okay?

19           MR. BURGER:  Right.

20           THE COURT:  You can't remove it to me.  It's

21   already in Federal Court, right?

22           MR. BURGER:  Right.

23           THE COURT:  Okay.  So, either I lift the stay or

24   I don't lift the stay.  What am I going to do if I don't

25   lift the stay?  What's the practical effect of that?

1          MR. BURGER:  The practical effect -- I agree with

2     the Court.  Lifting of the automatic stay, in my opinion,

3     is --

4          THE COURT:  Does nothing other than lift the

5     stay.  I mean, that's all it does.

6          MR. BURGER:  It does nothing --

7          THE COURT:  I mean --

8          MR. BURGER:  Right, but my concern, Your Honor,

9     and I know the Court is not really concerned about the

10    underlying obligations, but I guarantee you that Ms. Thomas

11    is going to take your order to the Federal District Court in

12    Delaware, and she is going to misrepresent what happened in

13    your court and she's going to tell the Delaware District

14    Court that the company that she tried to put in bankruptcy

15    is a title interest holder in my client's property, and

16    she's going to try to get that Federal District Court to

17    approve a settlement, which she will then bring back to the

18    Texas courts.  And then --

19         THE COURT:  Okay, but here's the problem,

20    Mr. Burger.  I can't -- I'm not an appeals court for what

21    happens in some District Court somewhere else.  I can't

22    basically usurp their jurisdiction by simply saying the stay

23    is going to remain in place and don't do anything.  I mean,

24    there's got to be some sort of practical way to resolve your

25    claims, okay?  And I understand that, but if I can't resolve

1   them, what am I supposed to do?  I mean, I understand your

2   predicament.

3            MR. BURGER:  Right.

4            THE COURT:  Okay, but again, litigation is -- go

5   ahead.

6            MR. BURGER:  Litigation is litigation.  I get

7   that, Your Honor, but remember, Ms. Thomas has broken into

8   my client's house twice since August of last year.

9            THE COURT:  Okay, that's argument.  That's not

10  evidence and I'm not sure I want to hear evidence on this.

11  I'm trying to determine whether I should vacate my order

12  lifting the stay, and if I should vacate it or modify it,

13  what do I then do, okay?

14           MR. BURGER:  Right.

15           THE COURT:  You want me to vacate the order,

16  right?

17           MR. BURGER:  Right.

18           THE COURT:  Okay.

19           MR. BURGER:  If the Court wants to clarify --

20           THE COURT:  Okay.  So, bear with me.  Bear with

21  me.

22           So, assuming that you want me to vacate the

23  order, what do you then want me to do?

24           MR. BURGER:  If the Court wants to clarify that

25  it is expressing no, it's not making any expressions one way

1  or another on the underlying merits of whatever settlement

2  agreement is entered into between Elizabeth Thomas and the

3  other parties to what she says is her settlement agreement,

4  that's fine, but my concern is that you have two lawyers who

5  have misrepresented to you what the status of the underlying

6  lawsuit is.

7           THE COURT:  Okay, 9011 applies.  9011 applies,

8  and you can file some sort of motion for sanctions.  That's

9  not before me right now.  I agree there may be real problems

10  with what the lawyers have done in this case based on what

11  I've seen, but that's not before me.  If you want to file a

12  9011 motion, feel free.

13           MR. BURGER:  Okay.

14           THE COURT:  Okay, I'm here.  I'm working.  I'll

15  do it, okay?  But the problem is, what do I then do?  And I

16  think that if you want me to clarify the order, saying all

17  I've done is lift the stay, I've done anything else, and

18  Ms. Thomas, don't make any representations about what my

19  order says or doesn't say.  It does one thing.  It lifts the

20  stay.  That's all it does.

21           I'm happy to do that as well, Okay?

22           MS. THOMAS:  Can I be excused?

23           THE COURT:  No, ma'am, you may not, because you

24  basically have to tell me what you want me to do or not do,

25  and I want to give you an opportunity to respond to what

1   Mr. Burger is saying.

2        Ms. Rodriguez, do you have anything you want to

3   tell me?

4        MS. RODRIGUEZ:  No, Your Honor, we're just

5   observing.

6        THE COURT:  Okay, and again -- and Ms. Thomas

7   just left, which is why I hate virtual hearings.

8        But Mr. Burger, I don't think this case is --

9        FEMALE SPEAKER:  Sorry.

10       THE COURT:  Bear with me.

11       I don't think this case is going anywhere.

12   Effectively, I think at some point in time, it's going to

13   end up being dismissed, and if that's the case, what

14   difference will it make?

15       MR. BURGER:  Understood.  I know that the Trustee

16   does have a motion to dismiss pending, and we haven't taken

17   a position on that at this point and we'll just deal with

18   that, but if the Court does want to issue an order

19   clarifying that it does nothing more than lift the stay,

20   then I'm comfortable with that --

21       THE COURT:  All right, Ms. Thomas --

22       MR. BURGER:  -- and we will proceed.

23       THE COURT:  -- I'm going let you respond now to

24   what we've talked about, and I need you to tell me anything

25   you think I need to know about lifting the stay and any sort

1  of other representations you want to make to me right now.

2  MS. THOMAS:  Well, first of all, Your Honor, I'm

3  really confused because P.C.F. Properties in TX was non-

4  suited from the State Court litigation on February 18th,

5  2020.  They were non-suited.

6  First of all, this is not my lawsuit.  I'm not a

7  plaintiff in this State Court litigation.  I'm a defendant.

8  So, I didn't file anything against anybody.  That's number

9  one.  And second --

10  THE COURT:  Okay.  Whoa, whoa, whoa.  Ms. Thomas,

11  you signed off on this order, the order that I signed.

12  MS. THOMAS:  Yeah.  Yeah, I'm talking about he's

13  talking about the State Court litigation.

14  THE COURT:  Okay, and I don't want to talk about

15  the litigation that's going on in District Court, because I

16  can't do anything about that.  I want to know why I should

17  or should not vacate this order.

18  MS. THOMAS:  The litigation in the Delaware case

19  for PCF Investment, Inc., also known as PCF Investments.

20  PCF, Inc. is a Delaware corporation.  It doesn't have

21  anything to do with Attorney Burger's P.C.F.  They're not a

22  party to it.  They didn't even file -- if he has problems

23  with their appeal or if he thinks there's going to be some

24  misrepresentation of the appeal, he could have filed a

25  motion to intervene.  He could have filed a motion to

1    intervene and brought all these issues in front of the

2    Delaware Court, but he waited until I filed an appeal.  He

3    knew that all the claims that he's bringing up were

4    transferred to the Court.

5             THE COURT:  Okay.  Ms. Thomas, again, I'm going

6    to direct you back to this order, okay?

7             MS. THOMAS:  Yes, Your Honor.

8             THE COURT:  It's an order you signed off on.

9    Mr. Burger wants me to vacate it or to clarify it.  I want

10   to know what your position is relative to this order,

11   because I don't have any of that other litigation before me

12   and honestly, can't do anything about it because I don't

13   have jurisdiction.

14            I just want to know what you think about this

15   order and whether you're happy if I clarify and say all I've

16   done is lift the stay.  I haven't done anything else in the

17   case.  I don't want you representing that I've done anything

18   else other than lift the stay.

19            MS. THOMAS:  I don't have any objection to you

20   doing that, Your Honor, because you haven't.  No one has put

21   anything before you about the Delaware case.  So, if you

22   want to clarify it, if you want to clarify lifting the stay,

23   that's fine.

24            And as far as Mr. Burger's talk about the

25   settlement, the Delaware District Court is the one who

1   issued an order.  No one even asked me.  I'm an Appellant

2   and no one even asked for a settlement.  It's part of their

3   mandatory procedure for all bankruptcy appeals, that you

4   participate in mediation.

5            THE COURT:  All right, Ms. Thomas.  Ms. Thomas,

6   okay.

7            So, here's what I'm going to do, Mr. Burger,

8   okay?  I'm going to allow you, if you feel like these

9   lawyers have misrepresented facts to me by pleadings, if you

10  want to file a motion for sanctions, I'm more than happy to

11  hear that.  I'm going to enter an order, in effect, that

12  clarifies my prior order that says I've done nothing as it

13  relates to any of the claims or causes of action against any

14  of the parties who are named or unnamed in this order, that

15  all I've done is lift the stay so other courts can litigate

16  the issue, and if there's some way for me to exercise

17  jurisdiction, I will, but I don't think that there is.

18           And Mr. Burger, you can do what you need to do.

19           Ms. Thomas, you need to prosecute this case

20  properly because if you don't prosecute this case properly,

21  anything I enter after the case is dismissed doesn't do you

22  any good, doesn't do anybody any good, all right?

23           And I think we're unfortunately marching towards

24  dismissal because I don't think the case is being properly

25  prosecuted, but that's a call for another day, all right?

1          Thank you all for appearing.

2          MS. RODRIGUEZ:  Thank you, Your Honor.

3          THE COURT:  Thank you.

4          You're all excused, and we're adjourned.

5      (Hearing adjourned at 2:00 p.m.)

6                    * * * * *

7          *I certify that the foregoing is a correct*

8   *transcript to the best of my ability due to the condition of*

9   *the electronic sound recording of the ZOOM/video/telephonic*

10  *proceedings in the above-entitled matter.*

11  */S/ MARY D. HENRY*

12  *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

13  *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

14  *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

15  *JTT TRANSCRIPT #68413*

16  *DATE FILED:  MARCH 31, 2024*

17

18

19

20

21

22

23

24

25